**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 27 2002**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

WILLIE EUGENE WALKER a/k/a
ERNEST WARD,

        Defendant - Appellant.

No. 01-5115

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**
**(D.C. No. 00-CR-16-C)**

---

Submitted on the briefs:

Stephen J. Knorr, Tulsa, Oklahoma, for Defendant-Appellant.

David E. O'Meilia, United States Attorney, and Neal B. Kirkpatrick, Assistant
United States Attorney, Northern District of Oklahoma, Tulsa, Oklahoma, for
Plaintiff-Appellee.

———————————————————

Before **SEYMOUR** and **McKAY**, Circuit Judges, and **BRORBY**, Senior Circuit
Judge.

---

**McKAY**, Circuit Judge.

———————————————————

After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Willie Eugene Walker pleaded guilty to possession of a firearm and ammunition after former conviction in violation of 18 U.S.C. § 922(g). In return, the Government agreed to drop two charges of making, uttering, and possessing counterfeit securities in violation of 18 U.S.C. § 513(a).

The Presentence Investigation Report (PIR) documented Defendant's extensive criminal record including at least eleven separate periods of incarceration. Based on Defendant's total offense level of twelve and criminal history category of VI, the Sentencing Guidelines established the range of punishment at thirty to thirty-seven months imprisonment. Citing the similarity of Defendant's present offense with his past crimes and a high likelihood of recidivism, the PIR recommended an upward departure from the Guidelines. Defendant objected in writing to the PIR's recommendation.

At sentencing, the Government requested punishment at the high end of the sentencing range (i.e. thirty-seven months imprisonment) but did not request an upward departure from the Guidelines. Defendant reiterated his objection to any upward departure from the Guidelines, but he conceded that a period of

imprisonment at the high end of the range might be appropriate. The district judge noted that Defendant's thirty-four total criminal history points easily exceeded the thirteen points required for classification in criminal history category VI. The district judge indicated that Defendant still qualified for criminal history category VI even if seven of Defendant's prior convictions were ignored. As a result, the district judge determined that criminal history category VI inaccurately reflected Defendant's criminal history warranting an upward departure from the Guidelines. The district court concluded:

> [T]he Court has come to the conclusion that it would be appropriate to depart one level for each of the convictions, prior convictions, that have not been taken into consideration, which would mean that the offense level would therefore increase from 12 to 19, which leaves a range of no less than 63 to 78 months.

The district judge then sentenced Defendant to sixty-three months in prison.

Defendant only appeals the district court's upward departure from the Guidelines. He does not challenge the validity of his plea agreement in any way. The issues before us are whether the district court erred in imposing an upward departure from the Guidelines and, if an upward departure were warranted, whether the district court's degree of departure was reasonable. We review departure from the Guidelines "under a unitary abuse-of-discretion standard which 'includes review to determine that the discretion was not guided by erroneous legal conclusions.'" United States v. Hanson, 264 F.3d 988, 994 (10th

Cir. 2001) (quotations and citations omitted).  If the departure rests on factual considerations, the district court's decision is "entitled to substantial deference." United States v. Fortier, 242 F.3d 1224, 1232 (10th Cir. 2001).

We consider four factors in reviewing the propriety of a district court's upward departure from the Guidelines.  See United States v. Bartsma, 198 F.3d 1191 (10th Cir. 1999).  The four factors are:

> (1) whether the factual circumstances supporting a departure are permissible departure factors; (2) whether the departure factors relied upon by the district court remove the defendant from the applicable Guideline heartland thus warranting a departure; (3) whether the record sufficiently supports the factual basis underlying the departure; and (4) whether the degree of departure is reasonable.

Id. at 1195 (quoting United States v. Collins, 122 F.3d 1297, 1303 (10th Cir. 1997).  On appeal, Defendant concedes that the district court used permissible departure factors (first factor) and that the record supports the factual basis underlying the departure factors the district court employed (third factor).  However, he challenges the district court's finding that his prior criminal history removes him from the Guidelines' criminal history category VI's "heartland" (second factor).  Defendant also contests the reasonableness of the district court's departure (fourth factor).

We first consider Defendant's "heartland" challenge.  Defendant argues that the number of prior convictions, standing alone, is insufficient to remove his case from the Guidelines' "heartland" for criminal category VI.  He maintains that

all of his crimes are of a nonviolent nature (financial fraud such as forgery and false impersonation) and that many of his convictions resulted from the same course of conduct. The Government responds that the Guidelines permit upward departure based on "independent crimes committed on different occasions." Aple. Brief at 8. Furthermore, the Government insists that the instant charges reflect only a portion of the "interstate crime spree" Defendant was involved in at the time of his arrest. Additionally, the Guidelines permit the district court to consider "whether the defendant was pending trial or sentencing on another charge at the time of the instant offense" when contemplating an upward departure. U.S.S.G. §4A1.3(d).

The district court's finding that Defendant's extensive criminal history removed him from the "heartland" of criminal history category VI is entitled to substantial deference. See, e.g., Bartsma, 198 F.3d at 1195 (noting that factual findings of the district court are afforded substantial deference). The district court specifically adopted the PIR's findings which justified an upward departure on at least three grounds–similarity of past crimes, high likelihood of recidivism, and Defendant's criminal history category inadequately reflecting the seriousness of his past conduct.

Our prior holding in United States v. Akers, 215 F.3d 1089 (10th Cir. 2000), is instructive. In Akers, the Defendant had accumulated fifteen more

criminal history points than required to be placed in criminal history category VI. See id. at 1104.  Like Defendant, Akers also argued that all of his previous convictions were minor and nonviolent in nature.  The Akers court concluded, "Given the record and the district court's special competence in assessing the uniqueness of a particular defendant's criminal history, we conclude that the district court did not abuse its discretion in finding Akers's criminal history sufficiently exceptional to warrant an upward departure."  Id. at 1105.  We find this case indistinguishable from Akers as to the decision to upwardly depart and conclude that the district court did not abuse its discretion in finding Defendant's criminal history sufficiently exceptional to remove it from the "heartland" of criminal history category VI.

Because the district court acted well within its discretion in deciding to upwardly depart, we must next review whether the degree of the district court's departure was reasonable.  Articulation of the factual basis for upwardly departing "does not automatically suffice to explain the degree of departure." United States v. Whiteskunk, 162 F.3d 1244, 1253 (10th Cir. 1998).  We have repeatedly required "district courts to explain their reasoning and to specify the facts or factors upon which they relied in selecting the final sentencing offense level for departing upward."  United States v. Yates, 22 F.3d 981, 990 (10th Cir. 1994) (citations omitted).  Simply "stat[ing] the legal and factual bas[is] for [an]

upward departure[] without offering any analysis supporting its increase in the level of departure" is insufficient. Id.

We find the district court's explanation of the degree of its upward departure insufficient. It is true that through express adoption of the PIR's findings and in statements made directly to the Defendant the district court articulated the necessary legal and factual reasons justifying its decision to upwardly depart. The symmetry of the district court's decision is also obvious; the district court decided to depart one offense level for each of Defendant's seven prior convictions in excess of those needed to accumulate the criminal history points required for his placement in criminal history category VI. However, the district court's explanation does nothing more than restate the justification for upward departure and "'does not fulfill the separate requirement of stating the reasons for imposing the particular sentence.'" Id. (quoting United States v. Flinn, 987 F.2d 1497, 1502 (10th Cir. 1993)). Before this court can properly give deference to the district court's degree of departure, the district court must provide this court with a reasoned explanation justifying its seven-level (rather than a two, four, or six-level) upward departure. See id.

To qualify for placement in criminal history category VI, a criminal must participate in serious repeat offenses. Yet, the Guidelines cap criminal history categories at level VI. Surely if the Guidelines envisioned increased punishment

based on recidivism alone, higher criminal history categories would have been created. This cap on criminal history categories is meant to restrain both departures and the degree of departures based on the defendant's criminal history alone. A decision to depart from criminal history category VI requires a more stringent analysis than simply counting the number of convictions in excess of those required to reach criminal history category VI and increasing the offense level proportionately to the excess convictions.

To hold otherwise could create a de facto criminal history category higher than category VI for criminals whose history includes convictions exceeding the thirteen points required for classification in criminal history category VI. The Guidelines do not envision such a category. Although the district court possesses the discretion to upwardly depart from criminal history category VI in exceptional cases, nothing in the Guidelines supports a degree of upward departure based solely on the number of prior convictions in excess of the thirteen points required for classification in criminal history category VI.

We remand to the district court for resentencing. Upon remand the district court must "precisely lay out [its] reasoning and analysis as to why [it is selecting] a particular degree of departure." Bartsma, 198 F.3d at 1197. Such reasoning must leave us with "reasonable indicia that the sentence [the district court pronounces] is proportional to the crime [Defendant] committed." United

States v. Kalady, 941 F.2d 1090, 1101 (10th Cir. 1991).  The district court may consider factors such as: "the seriousness of the offense, the need for just punishment, deterrence, protection of the public, correctional treatment, the sentencing pattern of the Guidelines, the policy statements contained in the Guidelines, and the need to avoid unwanted sentencing disparities." Collins, 122 F.3d at 1308-9 (quoting United States v. White, 893 F.2d 276, 278 (10th Cir. 1990)).

We **REVERSE** and **REMAND** to the district court with instructions to vacate the sentence and resentence in a manner consistent with this opinion.