**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 30 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOHN M. MOEN,

Defendant - Appellant.

No. 02-3117
D.C. No. 01-CR-10073-MLB
(D. Kansas)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Judge, **ANDERSON** and **BALDOCK**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant John M. Moen pled guilty to one count of misuse of a social security number in violation of 42 U.S.C. § 408(a)(7)(B). After the plea hearing,

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

defendant was released on bond pending sentencing. During that time, the district court issued an arrest warrant based on defendant's violation of several conditions of release. Defendant absconded, but was subsequently apprehended and taken into custody. At sentencing, the court upwardly departed from the recommended sentencing guideline range, sentencing defendant to forty-two months of imprisonment. Defendant now appeals his sentence, arguing that the degree of upward departure was unreasonable.

The district court upwardly departed from criminal history category VI, offense level 10, which translates to a guideline range of twenty-four to thirty months. The court found that an upward departure was warranted because (1) the offenses giving rise to defendant's criminal history category significantly under-represented the seriousness of defendant's criminal history; and (2) the similarity of defendant's past and present offenses, as well as defendant's return to criminal activity upon release from confinement, indicated a high likelihood of recidivism.

To arrive at its sentence, the district court moved incrementally down the sentencing table to the next highest offense level in category VI until it found a guideline range appropriate to the case. The court reached offense level 14, which translates to a guideline range of thirty-seven to forty-six months, and determined that a sentence of forty-two months was appropriate. The court based

its determination on the number of defendant's prior convictions, as well as the purposes of sentencing set forth in 18 U.S.C. § 3553(a)(1) and (2)(A) through (C).

The district court's departure from the sentencing guidelines is reviewed under a unitary abuse of discretion standard. *See United States v. Collins*, 122 F.3d 1297, 1302 (10th Cir. 1997). To determine whether the district court abused its discretion in departing from the guidelines, we must evaluate:

> (1) whether the factual circumstances supporting a departure are permissible departure factors; (2) whether the departure factors relied upon by the district court remove the defendant from the applicable Guideline heartland thus warranting a departure, (3) whether the record sufficiently supports the factual basis underlying the departure, and (4) whether the degree of departure is reasonable.

*Id.* at 1303.

Defendant concedes that the district court used permissible departure factors and that defendant's criminal record creates the appropriate factual basis underlying the departure factors and removes him from the applicable guideline heartland. Therefore, the only factor at issue on appeal is whether the degree of departure was reasonable. Defendant argues that the district court failed to adequately explain its reasons for the degree of departure. Specifically, defendant argues that the district court based its degree of upward departure solely on the number of prior convictions in excess of the thirteen points required for classification in criminal history category VI, which is impermissible according to *United States v. Walker*, 284 F.3d 1169, 1173 (10th Cir. 2002).

In upwardly departing from criminal history category VI, the district court shall "structure the departure by moving incrementally down the sentencing table to the next highest offense level in Criminal History Category VI until it finds a guideline range appropriate to the case." U.S.S.G. § 4A1.3. The court moved four levels down the sentencing table to offense level 14, which translates to a guideline range of thirty-seven to forty-six months, and determined that a sentence of forty-two months was appropriate. The court based its determination on the number of defendant's prior convictions, as well as the purposes of sentencing set forth in 18 U.S.C. § 3553(a)(1) and (2)(A) through (C). The district court noted that defendant's 17 criminal history points are, coincidentally, four more than required for category VII classification. However, the court did not base its degree of upward departure solely on the number of prior convictions in excess of the thirteen points required for classification in criminal history category VI, as defendant argues.

We conclude that the district court's degree of departure from the sentencing guidelines was reasonable. The judgment of the United States District Court for the District of Kansas is AFFIRMED.

Entered for the Court

Bobby R. Baldock
Circuit Judge

-4-