F I L E D
United States Court of Appeals
Tenth Circuit

FEB 5 2003

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

WILLIE EUGENE WALKER, a/k/a
Ernest Ward,

      Defendant - Appellant.

No. 02-5120
D.C. No. 00-CR-16-C
(N.D. Oklahoma)

---

## ORDER AND JUDGMENT*

---

Before **SEYMOUR**, **HENRY**, and **BRISCOE**, Circuit Judges.

---

Willie Eugene Walker pled guilty to one count of being a felon in

possession of a firearm, for which he was originally sentenced to sixty-three

months in prison. The district court arrived at this sentence by departing upward

---

*After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

seven levels. On his first appeal, we affirmed the district court's determination that defendant's prior criminal history removes him from the "heartland" of criminal history category VI, but remanded for a more specific articulation of the district court's methodology in determining the degree to which it departed upward. *United States v. Walker*, 284 F.3d 1169 (10th Cir. 2002). On remand, the district court again departed upward, imposing the same sentence of sixty-three months (but departing upward only six levels this time), and giving a precise explanation of the manner in which it calculated this departure.[1] Because we find the district court's methodology and degree of departure to be reasonable, we affirm.

At resentencing, the district court reasoned as follows:

> In determining the degree of departure, the Court considers three reference points within the guidelines: First, the increments between guideline ranges and the point value assigned to past crimes and the way they move upward through the criminal history categories have been examined to provide for an appropriate parallel sentence.
>       Secondly, the Court has studied the career offender enhancement found in Section 4B1.1 for a proper departure range analogy.
>       Finally, the Court looks to existing guidelines enhancements quantifying egregious or repetitive conduct.
>       The defendant's calculated offense level is 12. The sentencing table promulgated by the sentencing guidelines provides sentencing ranges for an offense level of 12 of 10 to 16 months in Criminal

---

[1] We admonish both defense and government counsel for violating 10th Cir. R. 28.2(A)(2) and 28.2(B) by failing to attach to their briefs a copy of the oral transcript of the district court's ruling.

History Category I for a defendant with no criminal history to a category of 30-37 months for the most serious criminal history, a Category VI.

Thirteen points are necessary for placement in Category VI. The defendant has accumulated no less than 34 points, more than two and a half times the points needed for Category VI. To reach a proposed departure range, the Court doubles the offense-level-12, Category-VI range of 30 to 37 months to a range 60-74 months, moving horizontally along the sentencing grid to reach a hypothetical criminal history category. The court reaches this hypothetical range recognizing that both the points required to graduate to a higher category and the criminal history category ranges should, based on the structure of the guidelines, expand as the categories increase.

The Court considers this extrapolation a reasonable departure estimate, making use of the structure of the guidelines as considered in *U.S. v. Lowe*, a Tenth Circuit case.

The most analogous range to the 60-74 range in Category VI is 57-71 months, equating to a six-point increase from offense level 12. The Court notes this calculation is consistent with a finding by the Seventh Circuit in *U.S. v. McKinley*, 84 F.2d 904, where the circuit concluded that an appropriate methodology for departure from Category VI is to add one offense level for every three criminal history points above 15.

The defendant here has 34 points, less 15 equals 19, divided by 3 is a 6.3-point increase. This formula is consistent with the Seventh Circuit's method of departing above Category VI prior to the '92 amendments to section – to paragraph 4A1.3, which is tied to the structure and range patterns of the guidelines. The Seventh Circuit notes that criminal history category is increased proportionally 10 percent to 15 percent from one category to another.

Using offense level 12 and four points per category and a 12 percent increase to arrive at each hypothetical category approximately 65 months is reached.

The Court also reviewed 4B1.1, the career offender enhancement, for guidance . . . .This Court is fully cognizant of the fact that the defendant does not qualify as a career offender because neither the instant convictions nor his criminal past involves violent or controlled substance offenses. Nonetheless, . . . [t]he Court believes the career offender guidelines can be instructive if moderated to conform to the defendant's history. The Court notes

that had the defendant been a guideline career offender, the offense level would be 24, a 12-point increase over his calculated offense level. The Court also recognizes that 4B1.1 overstates the risk of this defendant. The Court notes, however, that 4B1.1 can be invoked on a defendant having but two convictions and two criminal history points.

Considering this, the Court views the defendant's 34-point criminal history as particularly egregious in comparison to what qualifies for a 4B1.1 enhancement under the prior criminal history component of that section. A six-point increase, half that assigned a repeat violent or drug offender, is a reasonable point increase.

Finally, to a lesser degree, the Court relies on review of offense level enhancements for egregious conduct and a pattern of misconduct to assist in reaching the departure level.

The Court notes that 2A2.2(b)(3)(C) provides for a six-point increase for bodily injury during an assault. 2B3.1(b)(2) and (b)(3)(C) increases the offense level six and seven points respectively for firearm use and injury during a robbery. 2G2.2(b)(4) adds five levels based on a pattern of aggravated sexual activity. And 2K2.1(a)(2) mandates a ten-point increase for similar criminal conduct and the enhancement is triggered by just two prior convictions.

In general, the guidelines call for an offense level enhancement of five and ten points for abhorrent or repeat conduct. The Court believes that an increase at the low end of this five to ten-point enhancement range is reasonable based upon this defendant's history.

Based on the analysis, guided by the methodology, structure, and sentencing range patterns contained in the guidelines, the Court, as directed by 4A1.3, increases the offense level by six points to offense level 18 and Criminal History Category VI for a departure range of 57-71 months.

Rec. Vol. III at 15-19.

A "district court must justify the extent of its departure by a reasonable methodology hitched to the guidelines." *United States v. Goldberg*, 295 F.3d 1133, 1139 (10th Cir. 2002). The district court used three methods of analysis,

each one hitched to the guidelines, to ensure that it reached the correct degree of departure. Not only were these methods of analysis hitched to the guidelines, but they were supported by case law. *See United States v. Lowe*, 106 F.3d 1498 (10th Cir. 1997); *United States v. McKinley*, 84 F.3d 904 (7th Cir. 1996).

We review with deference the district court's degree of departure for reasonableness. *See United States v. Collins*, 122 F.3d 1297, 1302 (10th Cir. 1997). In light of the district court's careful demonstration of the various ways in which the calculation of its degree of departure was hitched to the guidelines, and in light of the deference we afford the sentencing court, we find the explanation on remand sufficient and the ultimate determination reasonable.

Accordingly we **AFFIRM.**

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge