FILED
United States Court of Appeals
Tenth Circuit

October 10, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TAMMIE LYNN MASCHINO,

Defendant - Appellant.

No. 12-6093

(W.D. Oklahoma)

(D.C. No. 5:11-CR-00214-R-2)

---

**ORDER AND JUDGMENT**[*]

---

Before **MURPHY**, **EBEL**, and **HARTZ**, Circuit Judges.

---

Defendant Tammie Lynn Maschino pleaded guilty to one count of

conspiracy to commit offenses involving counterfeit currency, counterfeit checks,

fraudulent identification documents, and identity theft, *see* 18 U.S.C. § 371, and

one count of aggravated identity theft, *see id.* § 1028A. At sentencing, the United

States District Court for the Western District of Oklahoma departed upward from

the advisory guidelines range on the ground that Defendant's criminal-history

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

category inadequately represented her criminal past. Defendant appeals, arguing that the district court committed legal error in calculating the magnitude of the departure, and that the sentence imposed was substantively unreasonable. We have jurisdiction under 28 U.S.C. § 1291. Because the district court committed plain error in calculating the departure, we reverse and remand for resentencing. We need not address the claim of substantive unreasonableness.

## I.     BACKGROUND

Defendant and her husband, David Maschino, were indicted on eight counts of fraud, conspiracy, identity theft, and counterfeiting offenses. The alleged offenses occurred in February and March 2011. Under an agreement with the government, Defendant pleaded guilty to one count of conspiracy and one count of aggravated identity theft, and the government dismissed the remaining charges. The probation office prepared a presentence investigation report (PSR), which catalogued Defendant's extensive criminal past, including adult convictions for obtaining property under false pretenses, marijuana possession, unauthorized use of a motor vehicle, kidnapping, assault with a dangerous weapon, possession of a fraudulent driver's license, and check forging. The PSR calculated that Defendant had a total of 19 criminal-history points, well above the 13-point threshold for the highest criminal-history category of VI. At age 40, her criminal career was accelerating, not slowing down. She had accumulated eight independent convictions between April 2004 and January 2007; since being

paroled in 2009, she had been arrested four times in addition to her arrest in this case; pending charges included larceny, forgery, kidnapping, and assault and battery with a dangerous weapon. Defendant did not dispute the PSR's account of her convictions and arrests.

The aggravated-identity-theft count carried a mandatory prison term of two years, to run consecutively to any other sentence of imprisonment. *See* 18 U.S.C. § 1028A(a)(1), (b). The PSR determined the conspiracy count to have a total offense level of 13, which, combined with criminal-history category VI, yielded a Guidelines sentence of 33 to 41 months' imprisonment. Defendant submitted a sentencing memorandum requesting a sentence below the Guidelines range, citing her drug addiction, troubled family background, and her conduct while incarcerated as factors supporting leniency.

The day before sentencing, the district court advised the parties that it was considering "an upward departure or variance . . . based on Defendant's extensive criminal history." R., Vol. 1 at 104. After the court granted Defendant's motion for a continuance, she submitted a response to the proposed upward departure or variance, arguing that her prior criminal offenses were caused by the stress occasioned by the termination of her parental rights to her three children and by the malign influence of various male drug contacts. The response also argued that an upward departure or variance could create an unwarranted disparity between

Defendant's sentence and that of her husband, who had already been sentenced to 45 months' imprisonment for his convictions on identical charges.

At sentencing, the district court reiterated its concern about Defendant's criminal history, commenting that "I don't think I've ever had a female appear before me with a worse criminal history." Tr. of Sentencing at 6, *United States v. Maschino*, No. 11-214-R (W.D. Okla. Mar. 28, 2012) (R., Vol. 3 at 31). Taking that history into account, the court announced that it would "extrapolate out" Defendant's excess criminal-history points from category VI, as though there were "two additional categories," with Defendant's 19 criminal-history points placing her in a hypothetical category VIII. *Id.* The court further stated that because "the typical category in the Sentencing Guidelines calls for . . . an increase in sentence of six to seven months," *id.*, it would sentence her to 60 months' imprisonment, the statutory maximum sentence, on the conspiracy charge. Adding the mandatory 24-month term from the identity-theft charge, the total sentence was a prison term of 84 months, less three months for time served.

## II. DISCUSSION

We consider four factors in reviewing sentencing departures:

(1) whether the factual circumstances supporting a departure are permissible departure factors; (2) whether the departure factors relied upon by the district court remove the defendant from the applicable Guideline heartland thus warranting a departure; (3) whether the record sufficiently supports the factual basis underlying the departure; and (4) whether the degree of departure is reasonable.

*United States v. Walker* 284 F.3d 1169, 1171 (10th Cir. 2002) (internal quotation marks omitted). Defendant claims that factors two and four were not satisfied in this case, but we confine our analysis to the fourth factor. Defendant alleges two procedural errors in the district court's calculation of the degree of departure. First, she points out that the court imposed a departure greater than the 12 to 14 months that it believed appropriately attached to the two additional criminal-history categories. She also argues that the six-to-seven-month incremental increases that the court assumed for these hypothetical higher criminal-history categories were excessive. Second, she contends that the district court was mistaken to "extrapolate out" to hypothetical higher criminal-history categories, rather than applying the approach laid out in USSG § 4A1.3(a)(4)(B), which instructs judges to increase the *offense* level to arrive at an appropriate sentencing range.

We ordinarily review departure errors for abuse of discretion, *see Walker*, 284 F.3d at 1171, but the government correctly asserts that Defendant failed to preserve these arguments below. *See United States v. Gantt*, 679 F.3d 1240, 1246–47 (10th Cir. 2012). Thus, our review is for plain error only. *See id.* "Plain error occurs when there is (1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Gonzalez-Huerta*, 403 F.3d

727, 732 (10th Cir. 2005) (en banc) (internal quotation marks omitted). With this standard of review in mind, we turn to Defendant's assignments of error.

## A.    Error within District Court's Own Methodology

The district court explained its sentencing departure as resulting from the creation of a hypothetical criminal-history category of VIII, and the addition of six to seven months to the Guidelines sentencing range for each additional category beyond VI. In other words, Defendant's sentencing range would be treated as being 12 to 14 months beyond the original Guidelines range. That original range, however, was 33 to 41 months, so the maximum sentence under its departure calculation would be 53 to 55 months. But the court imposed a sentence of 60 months, before deducting three months for time served in a state facility while awaiting adjudication of the federal offense.

The record suggests that the additional five to seven months likely resulted from a clerical error. In its Statement of Reasons accompanying the judgment, the district court incorrectly listed Defendant's original Guidelines range as 33 to *47* months, rather than 33 to 41 months. If the court had added 13 months (six-and-one-half months for each additional hypothetical criminal-history category) to the 47 months it believed to be the top of Defendant's Guidelines range, it would have arrived at a Guidelines maximum of 60 months, the sentence it imposed.

This was an obvious error by the district court, it prejudiced Defendant, and it would impugn the integrity of the courts were we not to correct the unintended error by the district court. We therefore must remand for resentencing.

We further note that there appears to be some merit in Defendant's argument that at offense level 13, the maximum sentence does not increase on average as much as the district court assumed it does for each increase in criminal-history category. But that point is inconsequential, because, as we now proceed to explain, the court's methodology was incorrect.

## B.   Incorrect Methodology

On remand, the district court should also correct a second error in its calculation of Defendant's sentence. The Guidelines specify the procedure for the sentencing court to use when departing upward because the criminal-history category does not adequately reflect the defendant's life of crime. For criminal-history categories lower than VI, the Guidelines instruct the court to reference the criminal-history category "applicable to defendants whose criminal history or likelihood to recidivate most closely resembles that of the defendant's." USSG § 4A1.3(a)(4)(A). For defendants with criminal-history category VI, a different approach is required:

UPWARD DEPARTURES FROM CATEGORY VI.—In a case in which the court determines that the extent and nature of the defendant's criminal history, taken together, are sufficient to warrant an upward departure from Criminal History Category VI, the court should structure the departure by moving incrementally down the sentencing table to the next higher offense level in

-7-

Criminal History Category VI until it finds a guideline range appropriate to the case.

*Id.* § 4A1.3(a)(4)(B). The district court failed to follow this procedure. Instead of increasing the offense level, it increased the criminal-history category into a range unknown to the Guidelines. *See United States v. Sims*, 309 F.3d 739 (10th Cir. 2002) (remanding for resentencing after a similar error).

## III. CONCLUSION

We REVERSE Defendant's sentence and REMAND for resentencing.

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge