FILED
United States Court of Appeals
Tenth Circuit

December 10, 2012

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENPH CIRCUIT

---

UNITED STATES OF AMERICA,

   Plaintiff-Appellee,

v.

JOSEPH ALLEN FRAZIER,

   Defendant-Appellant.

No. 12-6055
(D.C. No. 5:11-CR-00292-R-3)
(W.D. Okla.)

---

## ORDER AND JUDGMENT[*]

---

Before **BRISCOE, HOLLOWAY** and **HARTZ**, Circuit Judges.

---

In this direct criminal appeal, Defendant-Appellant Joseph Allen Frazier

challenges only the sentence imposed by the district court. This court is granted

jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and 18 U.S.C. §

3742(a).

## I

Mr. Frazier was named in four counts of a five-count indictment. Count 1

alleged conspiracy to use unauthorized devices to commit fraud in connection

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

with identification documents and to commit identity theft and aggravated identity theft. Count 2 alleged fraud in connection with access devices in violation of 18 U.S.C. § 1029(a)(2).[1] Count 3 alleged aggravated identity theft, and Count 4 charged fraud in connection with identification documents. Mr. Frazier entered a plea of guilty to Count 2 as the result of a plea bargain.

The criminal activity undertaken by Mr. Frazier and his co-defendants was extensive. For purposes of this appeal, only a very abbreviated summary of that activity is necessary. Personal identifiers of over two hundred individuals and business were misappropriated, counterfeit identification documents were created, fraudulent documents were used to obtain credit cards, and merchandise was obtained fraudulently from various retailers. The presentence investigation report (PSR) stated that the means of identification of 88 of those persons and businesses had actually been used, so that those 88 were deemed victims of the

---

[1]The statute provides this definition of "access device":

(1) the term "access device" means any card, plate, code, account number, electronic serial number, mobile identification number, personal identification number, or other telecommunications service, equipment, or instrument identifier, or other means of account access that can be used, alone or in conjunction with another access device, to obtain money, goods, services, or any other thing of value, or that can be used to initiate a transfer of funds (other than a transfer originated solely by paper instrument);

18 U.S.C. § 1029(e)(1).

criminal conduct.  The PSR further calculated a total intended loss of $149,583.06 and an actual loss of $74,374.56.

Mr. Frazier's involvement in this criminal enterprise began in November 2009, soon after his release from prison.  He had previously been convicted of conspiring with one of the same persons involved in the enterprise now at issue.

The primary focus of this appeal is the district court's response to Mr. Frazier's lengthy criminal history.  The PSR reflected 19 prior convictions, not all of which were assigned points in the criminal history calculation.  (There were also arrests reflected on the PSR which did not result in added criminal history points.)  That calculation resulted in 23 criminal history points, far in excess of the 13 points which puts an offender into the highest criminal history classification, category VI.[2]

The PSR calculated the offense level to be 19.  The recommended guideline range at that offense level for criminal history category VI was 63-78 months.  The PSR noted that the court might wish to consider an upward departure or variance because the criminal history score arguably understated the seriousness of Mr. Frazier's past conduct.

---

[2]The PSR in this case used the 2011 version of the Guidelines Manual. Neither party has expressed disagreement with that choice, so we also use that version in our analysis.

The district judge agreed that a sentence higher than the advisory guideline range was appropriate and sentenced Mr. Frazier to 108 months. The method by which the judge arrived at this figure is a focus of this appeal. The judge explained that each increase of one in a criminal history category added about one year to the advisory guideline range at offense level 19. The judge decided to create a hypothetical criminal history category three categories beyond category VI, based on the observation that Mr. Frazier's criminal history score was nine over the score for category VI, and that each category covered a three-point range of criminal history points. Therefore, the judge concluded, he would "extrapolate that out three years," in departing upward because of Mr. Frazier's record. Three years added to a range of 63-78 months would produce a range of 99-114 months, and the sentence the judge imposed was near the middle of that hypothetical range.

## II

On appeal, Mr. Frazier contends that his sentence was both procedurally and substantively unreasonable. We consider four factors in reviewing sentencing departures:

> (1) whether the factual circumstances supporting a departure are permissible departure factors; (2) whether the departure factors relied upon by the district court remove the defendant from the applicable Guideline heartland thus warranting a departure; (3) whether the record sufficiently supports the factual basis underlying the departure; and (4) whether the degree of departure is reasonable.

4

*United States v. Walker*, 284 F.3d 1169, 1171 (10th Cir. 2002) (internal quotation marks omitted).

## A

We ordinarily review departure errors for abuse of discretion, *see Walker*, 284 F.3d at 1171, but Defendant here concedes that he failed to preserve his procedural argument in the district court. Thus, we review only for plain error. *See United States v. Gantt*, 679 F.3d 1240, 1246–47 (10th Cir. 2012). "Plain error occurs when there is (1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Gonzalez-Huerta*, 403 F.3d 727, 732 (10th Cir. 2005) (en banc) (internal quotation marks omitted).

The Guidelines specify the procedure for the sentencing court to use when departing upward because the criminal-history category does not adequately reflect the defendant's life of crime. For criminal history categories lower than VI, the Guidelines instruct the court to reference the criminal-history category "applicable to defendants whose criminal history or likelihood to recidivate most closely resembles that of the defendant's." U.S.S.G. § 4A1.3(a)(4)(A). For defendants with criminal-history category VI, a different approach is required:

> UPWARD DEPARTURES FROM CATEGORY VI. – In a case in which the court determines that the extent and nature of the defendant's criminal history, taken together, are sufficient to warrant

> an upward departure from Criminal History Category VI, the court should structure the departure by moving incrementally down the sentencing table to the next higher offense level in Criminal History Category VI until it finds a guideline range appropriate to the case.

U.S.S.G. § 4A1.3(a)(4)(B).  This provision was added to the Guidelines in 1992. *See United States v. Sims*, 309 F.3d 739, 742-43 (10th Cir. 2002) (reversing for abuse of discretion after a similar error by the same district judge).

The district court failed to follow this procedure. Instead of increasing the offense level, it increased the criminal-history category into a range unknown to the Guidelines.  *See id.  See also United States v. Maschino*, 2012 WL 4801247 (10th Cir. October 10, 2012) (unpublished order and judgment reversing a criminal sentence on other grounds, but noting the same error made by the district judge).

Thus, we conclude that there was error, which was plain, and so that the first two prongs of the plain-error analysis are satisfied.  We conclude, however, that Mr. Frazier's argument fails at the third step of the process.  The district court properly could have departed from the recommended Guidelines range to the sentence imposed by using the method set out in U.S.S.G. § 4A1.3(a)(4)(B), as quoted *supra*.  We see no basis, other than sheer speculation, for holding that there is a reasonable probability of a different outcome if we were to reverse and remand.  In other words, Mr. Frazier has not shown that the district court's error resulted in the loss of a substantial right.

6

**B**

Mr. Frazier also contends that the district court made a procedural error in its assessment of his criminal history. The sentencing judge "fixated" on the criminal history score, Frazier argues, and failed to appreciate the nature of his past conduct. He argues, in essence, that his criminal history score overstated the severity of his history because some of the convictions occurred almost fifteen years before his present conviction, and many of the offenses were for misdemeanors or for driving under the influence.

The government responds that the Guidelines do not consider driving under the influence to be a "petty offense," but require that such offenses be counted as significant crimes. Thus, the government notes, in *United States v. Jones*, 332 F.3d 1294, 1302 (10th Cir. 2003), we affirmed a seven-level upward departure based, in part, on five prior convictions for driving under the influence. Moreover, the government notes, Mr. Frazier's history included five fraud-related convictions, which accounted for thirteen criminal history points, and there were also three prior driving under the influence convictions that did not receive points, as well as a prior conviction for violation of a protective order which did not receive points.

Mr. Frazier's criminal history score was ten points above the minimum level for Category VI, the highest criminal history category under the Guidelines. And that score did not even represent all of Frazier's past convictions. We find

7

no abuse of discretion in the district court's decision that an upward departure was appropriate.

Mr. Frazier also asserts that his sentence was substantively unreasonable. This assertion is not accompanied by any discussion of the sentencing factors in 18 U.S.C. § 3553(a), only by an argument on the primary culpability of one of Frazier's co-defendants. We have no doubt that the district court took that factor into account. We see no abuse of discretion or substantive unreasonableness in the sentence imposed by the district court.

The judgment and sentence are therefore AFFIRMED.


ENTERED FOR THE COURT


William J. Holloway, Jr.
Circuit Judge