61 F.3d 917
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Herbert Talmadge GENTRY, Jr., Defendant-Appellant.
 No. 94-5235.
 United States Court of Appeals, Tenth Circuit.
 July 25, 1995.
 
 Before ANDERSON, BALDOCK and BRORBY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Herbert Talmadge Gentry, Jr., pled guilty to being a felon in possession of a firearm. Based upon an upward departure from the United States Sentencing Guidelines, the district court sentenced Mr. Gentry to a term of 360 months in jail, three years supervised release, and a fine of $5,000. Mr. Gentry appealed his sentence. On appeal, we remanded the case because the district court failed to articulate sufficiently its reasons for departing upward. See United States v. Gentry, 31 F.3d 1039 (10th Cir.1994). On remand, the district court articulated its findings in support of the upward departure. Mr. Gentry again appeals from his sentence. We have jurisdiction under 18 U.S.C. 3742(a), and we affirm.
 
 
 3
 The district court concluded Mr. Gentry's criminal history category VI did not adequately represent Mr. Gentry's criminal history. The court departed upward from a criminal history category VI to an "artificial" criminal history category IX, because Mr. Gentry's criminal history category did not account for his earlier serious criminal conduct. This is a legitimate reason to depart upward. However, in 1992 the sentencing commission amended 4A1.3 to provide:
 
 
 4
 Where the court determines that the extent and nature of the defendant's criminal history, taken together, are sufficient to warrant an upward departure from Criminal History Category VI, the court should structure the departure by moving incrementally down the sentencing table to the next higher offense level in Criminal History Category VI until it finds a guideline range appropriate to the case.
 
 
 5
 Thus, the creation of hypothetical criminal history categories is strongly disfavored by the guidelines. Instead, a sentencing court should "look to the other axis and consider the available ranges from higher offense levels.' " United States v. Okane, 52 F.3d 828, 834 (10th Cir.1995) (quoting United States v. Carr, 5 F.3d 986, 995 (6th Cir.1993). The district court should not, therefore, have departed upward in fixing Mr. Gentry's sentence by creating an artificial criminal history category, but rather, it should have turned to additional sentencing ranges provided by higher offense levels.
 
 
 6
 Nevertheless, our review of the sentencing court's reasoning in imposing the sentence it did convinces us that had the court applied the methodology outlined above, it would have imposed the same sentence. Mr. Gentry faced a sentencing range of 262-327 months based on his criminal history category VI and offense level 34. Had the district court increased his offence level by one, based on the valid reasons cited for an upward departure, Mr. Gentry's sentencing range would have been 292-365 months. Because Mr. Gentry was sentenced within the range prescribed foro the lowest upward departure possible, we need not remand this case for further proceedings. See United States v. O'Dell, 965 F.2d 937, 939 (10th Cir.1992) (remand for sentencing error not necessary if court of appeals believes the district court would have imposed the same sentence had the error not occurred, and the departure was reasonable in light of the grounds for departing).
 
 
 7
 Accordingly, the sentence is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470