**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Tracy SIMS, a/k/a Leslie Taylor,**
**Defendant–Appellant.**

**No. 01–6428.**

United States Court of Appeals,
Tenth Circuit.

Oct. 29, 2002.

Kindanne C. Jones, Eddy & Jones, P.C., Oklahoma City, OK, for Defendant–Appellant.

Randal A. Sengel, Assistant U.S. Attorney (Robert G. McCampbell, United States Attorney, with him on the brief), Oklahoma City, OK, for Plaintiff–Appellee.

Before SEYMOUR, BALDOCK and KELLY, Circuit Judges.

SEYMOUR, Circuit Judge.

Tracy Sims pled guilty to twenty counts of making, uttering and possessing counterfeit traveler's checks in violation of 18 U.S.C. §§ 2 and 513(a). The district court departed upward in sentencing Ms. Sims after determining that her criminal history category did not adequately reflect the

seriousness of her criminal history. Ms. Sims appeals, contending the district court erred in determining the degree of departure. We agree, and reverse and remand for resentencing.

## I

The presentence report set Ms. Sims' offense level at 8 and her criminal history category at VI, for a guideline range of eighteen to twenty-four months. The government moved for an upward departure, contending that Ms. Sims' criminal history category did not adequately reflect the seriousness of her past conduct.[1] Because Ms. Sims was already at a criminal history level VI, the government requested the district court to depart upward three levels in offense category, which would have put Ms. Sims in a guideline range of twenty-seven to thirty-three months. Instead, the court extended Ms. Sims' criminal history category to a hypothetical level IX and calculated a sentencing range of thirty-six to forty-two months, a range approximately three levels above the departure sought by the government. The court then sentenced Ms. Sims to forty-two months in prison.

## II

We review a district court's departure decision under an abuse-of-discretion standard. *Koon v. United States,* 518 U.S. 81, 100, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996). In assessing a sentencing court's departure under the guidelines, we undertake a four-step evaluation: (1) are the factors relied on by the court in deciding to depart permissible departure factors; (2) do those factors remove the defendant from the heartland of the

1. The presentence report reflects that Ms. Sims does indeed have an extensive criminal history, although it consists almost entirely of relatively minor offenses, such as disorderly conduct and maintaining a public nuisance in connection with her prostitution activity.

particular guideline; (3) does the record support the factual basis underlying the departure; and (4) is the degree of departure reasonable. *See United States v. Bartsma,* 198 F.3d 1191, 1195 (10th Cir. 1999). Ms. Sims does not contend the district court abused its discretion in concluding a departure was warranted. She takes issue only with the reasonableness of the degree of departure. Although our review of this issue is deferential, *see id.* at 1196, we do not defer when the degree of departure was "guided by erroneous legal conclusions," *Koon,* 518 U.S. at 100, 116 S.Ct. 2035, or by "some sort of mathematical error in applying the Guidelines," *id.* at 98, 116 S.Ct. 2035.

The government argued in its motion for departure that when the defendant is at a criminal history category VI,

> the Court should move incrementally down the sentencing table to the next higher offense level in criminal history category VI until it finds a guideline range appropriate to the case. USSG § 4A1.3, Policy Statement. If the sentencing table for criminal history were extended as presently structured, the criminal history score of 24 would be a level IX, or three (3) levels higher. Accordingly, the court should increase the defendant's offense level by three (3) levels.

Rec., vol. 1, doc. 90 at 3 (citing *United States v. Lowe,* 106 F.3d 1498, 1503 (10th Cir.1997)). Although the district court agreed that an upward departure was appropriate, it rejected the government's method. In employing an alternate method, the court committed two errors, one legal and one mathematical.

■ First, rather than moving to a higher offense level under criminal history category VI, the court artificially extended Ms. Sims' criminal history beyond category VI, the highest category in the guidelines grid, to a hypothetical category IX. This approach constituted an incorrect application of the guidelines, which specifically addressed this situation in a 1992 amendment to the policy statements set out in section 4A1.3:

> Where the court determines that the extent and nature of the defendant's criminal history, taken together, are sufficient to warrant an upward departure from Criminal History Category VI, the court should structure the departure by moving incrementally down the sentencing table to the next higher offense level in Criminal History Category VI until it finds a guideline range appropriate to the case.

U.S.S.G. § 4A1.3, p.s.

We discussed this amendment to section 4A1.3 at length in *dicta* in *United States v. Okane,* 52 F.3d 828 n. 5 (10th Cir.1995), a case which illustrates why there is confusion surrounding this issue. In *Okane,* the district court erred by increasing the defendant's offense level when it should have increased his criminal history category since the defendant there, unlike here, was at a criminal history category I. "When a district court seeks to depart upwards based on § 4A1.3(e) of the Guidelines on the grounds that the defendant's criminal history score is underrepresentative of the defendant's history of criminal conduct, the departure should *ordinarily* be by way of an enhancement to the criminal history category." *Id.* at 833 (emphasis added).

In a footnote, by way of comparison, we recognized the one exception to this general rule, *i.e.,* when a defendant is already at the highest criminal history category, VI. *Id.* n. 5. We observed that while creating a hypothetical criminal history category had previously been left to the sentencing court's discretion, the 1992 amendment provided the formula by which courts were thereafter to depart upward on the basis

of criminal history *when the defendant is at level VI.* We pointed out that "[w]e are obligated to give authoritative weight to the commentary in the Guidelines, which includes policy statements." *Id.* "Under this new amendment, 'instead of hypothesizing a criminal history range more than VI, the guidelines require a sentencing court to look to the other axis and consider the available ranges from higher offense levels.'" *Id.* (quoting *United States v. Carr,* 5 F.3d 986, 994 (6th Cir.1993)). Accordingly, the method used by the district court here was contrary to that required by the applicable guideline.

■ Second, in creating artificial criminal history categories beyond level VI, the district court made an erroneous mathematical assumption. It incorrectly assumed that criminal history categories go from one level to the next in increments of six months, i.e., level 1 is zero to six months, level 2 is six to twelve months, and so on. Instead, although each level contains a range of six months, these ranges overlap from one level to the next. At offense level 8, for example, criminal history category II has a range of four to ten months, category III has a range of six to twelve months, category IV has a range of ten to sixteen months, and so on. The district court's failure to take this overlap into account raised the range for its hypothetical level IX beyond what would occur if the ranges had simply been extended in the same overlapping manner as the preceding ranges.[2]

■ The government in essence concedes that the district court's calculation was both mathematically incorrect and contrary to the method section 4A1.3 mandates in this situation. Nonetheless, the government maintains the court did not abuse its discretion because sentencing courts are not required to give mathematically precise formulas. While that may be true in general, here the sentencing transcript clearly indicates that the basis for the court's degree of upward departure was its creation of an artificial category IX, a method that was mathematically flawed and contrary to the guidelines. The court's departure approach was not merely imprecise, it was incorrect. It was thus an abuse of discretion. *See Koon,* 518 U.S. at 98, 100, 116 S.Ct. 2035.

■ The government also argues that resentencing is not required because we can be sure the district court would have

---

2. The district court was correct in assuming that at level III and beyond, each criminal history category encompasses three criminal history points. The court also correctly assumed that each category provides a six-month range. It incorrectly applied these two assumptions, however, by performing the following flawed calculation. The court took Ms. Sims' twenty-two criminal history points and from them subtracted thirteen, which is the minimum amount that would place a defendant in category VI. This left nine additional criminal history points. The court then stated that because each category encompasses three additional points, Ms. Sims should go up to a hypothetical level IX. The court reached this conclusion by dividing the nine extra points by the three points in each level to arrive at three extra levels.

In order to determine the sentencing range for "level IX," the district court figured that because every level encompassed six months, going up three levels would add eighteen months, i.e., three extra levels at six months per level results in eighteen months. In so doing, the court failed to take into account the fact that the six-month ranges overlap. The sentencing range for Ms. Sims, who had an offense level of 8 and a criminal history level of VI, would have been eighteen to twenty-four months before enhancement. The court improperly added eighteen months to this range and thus concluded that the appropriate range for hypothetical criminal history level IX and offense level 8 would be thirty-six to forty-two months.

imposed the same sentence even absent the errors. When a district court bases its departure upon invalid factors, "a remand is required unless [the reviewing court] determines the district court would have imposed the same sentence absent reliance on the invalid factors." *Koon*, 518 U.S. at 113, 116 S.Ct. 2035. In support of this argument, the government cites two cases in which we declined to remand for resentencing despite errors in the departure procedure. These cases are too dissimilar to be persuasive. In *United States v. O'Dell*, 965 F.2d 937, 939 (10th Cir.1992), the sentencing court failed to provide the requisite precise statement for the degree of departure. In the instant case, while the district court's reasons were set out in detail, the method used was a abuse of discretion. In *United States v. Gentry*, No. 94–5235, 1995 WL 434833 (10th Cir. July, 25, 1995) (unpublished disposition which is not precedential), the court, as here, departed by creating a hypothetical criminal history level IX. We did not re-sentence because the sentence actually given was within the range of months pre-scribed by increasing the defendant's of-fense level by one, the lowest possible upward departure using the correct meth-od. Here, to the contrary, the actual sen-tence given by the district court was far beyond that for the next highest upward departure properly calculated by increas-ing defendant's offense level.

Because the district court relied on a flawed and improper method in calculating the degree of upward departure, we cannot be certain that it would have reached the same result upon application of the correct method. Accordingly, we **REVERSE** Ms. Sims' sentence and **REMAND** to the dis-trict court for resentencing in light of this opinion.