**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 5 2003**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

No. 02-4221

QUENTIN ELLIOT HURLICH, also
known as QUENTIN ELLIOT
ROBERTS, also known as "Q,"

Defendant-Appellant.

**Appeal from the United States District Court**
**for the District of Utah**
**(D.C. No. 2:00-CR-235-TS)**

Submitted on the briefs[*]:

Paul M. Warner, United States Attorney, Wayne T. Dance, Assistant United States
Attorney, Chief, Appellate Section, Salt Lake City, Utah, for Plaintiff-Appellee.

Julie George, Salt Lake City, Utah, for Defendant-Appellant.

Before **SEYMOUR**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument.

**O'BRIEN**, Circuit Judge.

Mr. Quentin Hurlich pled guilty to a charge of Possession of a Firearm by a Convicted Felon, in violation of 18 U.S.C. § 922(g)(1). He was originally sentenced, *inter alia*, to the statutory maximum term of 120 months imprisonment. He appealed his sentence, and we reversed and remanded for resentencing. *United States v. Hurlich,* 293 F.3d 1223 (10th Cir. 2002).[1] On remand, the district court made an upward departure and he was resentenced, *inter alia*, to seventy-eight months imprisonment. On appeal, he again claims the district court erred in imposing sentence. Exercising jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, we affirm.

***Standard of Review***

The sole issue presented in this appeal is the propriety of the methodology employed by the district court in determining the degree of upward departure. We construe Mr. Hurlich's appeal as calling into question both the interpretation of the Sentencing Guidelines, which we ordinarily review de novo, *United States v.*

---

[1] We reversed and remanded due to: 1) failure to provide the factual basis for an upward departure in offense level for possession of a firearm in connection with another felony; and 2) failure of the district court to articulate its reasons for upward departure based on under-representation of criminal history. *United States v. Hurlich,* 293 F.3d 1223, 1227-28 (10th Cir. 2002).

*Tisdale,* 248 F.3d 964, 975 (10th Cir. 2001), *cert. denied,* 534 U.S. 1153 (2002), and the reasonableness of the degree of departure, which we ordinarily review for abuse of discretion. *United States v. Jones,* 332 F.3d 1294, 1300 (10th Cir. 2003), *cert. denied,* 2003 WL 22172768 (U.S. Oct. 20, 2003) (No. 03-6431). However, because Mr. Hurlich did not object at sentencing, we review for plain error. *United States v. Brown,* 316 F.3d 1151, 1155 (10th Cir. 2003).

*Background*

The parties agree that at resentencing Mr. Hurlich's adjusted offense level was properly determined to be eleven and his criminal history points thirty-nine. According to the Sentencing Table, a person with an offense level of eleven and criminal history points of "13 or more" would find himself in a guideline range of twenty-seven to thirty-three months imprisonment. Criminal History Category VI is the highest level of criminal history on the sentencing table, reserved for those with criminal history points of "13 or more." However, because Mr. Hurlich's thirty-nine criminal history points were substantially greater than the "13 or more" contemplated for Category VI, the district court concluded the Criminal History Category did not "adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant [would] commit other crimes." United States Sentencing Commission, Guidelines Manual, § 4A1.3

(Dec. 2000).[2]

In determining the degree of upward departure, the court hypothesized that Mr. Hurlich's criminal history score of thirty-nine would place him in a theoretical Criminal History Category XIV.[3] It equated an eight-step increase in criminal history to eight offense levels, yielding a sentencing range of sixty-three to seventy-eight months. The court imposed the maximum sentence of seventy-eight months imprisonment and explained the degree of departure was "to reflect the seriousness of the offense[,] to assure the need for just punishment for the defendant, [and] to assure proper deterrence from additional criminal activity for the protection of the public in the future." (R. Vol. II at 4-5).

## Discussion

---

[2]Mr. Hurlich argues the district court erred in deciding to depart from the heartland at all. He raised the identical issue in his first appeal, where we decided the district court did not abuse its discretion in its heartland departure. *Hurlich,* 293 F.3d at 1228. The matter is thus precluded from further review as law of the case. *Rohrbaugh v. Celotex Corp.,* 53 F.3d 1181, 1183 (10th Cir. 1995). Even if we apply a de novo standard of review to the decision to depart from the heartland, we identify no error. *See Jones,* 332 F.3d at 1299 (applying de novo review to heartland departure decision, as required by the Prosecutorial Remedies and Other Tools to end the Exploitation of Children Today Act of 2003 ("PROTECT Act"), Pub.L. No. 108-21, 117 Stat. 650 (2003), even though the sentencing court's decision to depart upward took place prior to passage of the Act).

[3]The district court arrived at this conclusion by identifying three criminal history points in each ascension in Criminal History Category. Beginning with the fact that Category VI included criminal history points thirteen, fourteen and fifteen, the court reasoned that Category XIV would include criminal history points thirty-seven, thirty-eight and thirty-nine.

Mr. Hurlich contends the district court did not adequately explain the basis for the degree of departure. In particular, he argues the way in which the court hypothesized and employed Criminal History Categories beyond Category VI was an incorrect application of the Sentencing Guidelines.[4]

In determining whether the degree of a departure from the Guidelines is reasonable,

> we consider the district court's reasons for imposing the particular sentence together with factors such as: the seriousness of the offense, the need for just punishment, deterrence, protection of the public, correctional treatment, the sentencing pattern of the Guidelines, the policy statements contained in the Guidelines, and the need to avoid unwarranted sentencing disparities.

*United States v. Collins,* 122 F.3d 1297, 1308-09 (10th Cir. 1997) (quotation marks and citations omitted). "The district court may use any reasonable methodology hitched to the Sentencing Guidelines to justify the reasonableness of [a] departure, which includes using extrapolation from or analogy to the Guidelines." *Id.* at 1309 (quotation marks and citations omitted). "[T]he task of . . . the sentencing court[] is to attempt to predict what the Sentencing

---

[4]Mr. Hurlich also claims the district court erred because it did not employ this methodology in the first sentencing. He offers no authority for this proposition. In our remand for resentencing, we instructed the district court to "specify the basis for [the] particular sentence imposed." *Hurlich,* 293 F.3d at 1229. Irrespective of the propriety of the methodology the court employed, to which we will next turn, it is in answer to our instruction that the court employed it. Mr. Hurlich's claim is thus without merit.

Commission would have established as a guideline range had it adequately considered the circumstances justifying the departure." *United States v. Kalady,* 941 F.2d 1090, 1101 (10th Cir. 1991).

With these principles in mind, we consider the district court's methodology. Mr. Hurlich suggests we concluded in *United States v. Sims,* 309 F.3d 739 (10th Cir. 2002), that hypothesizing Criminal History Categories beyond Category VI, in and of itself, constituted an incorrect application of the Guidelines. What we disapproved in *Sims*, however, was not the process of hypothesizing[5] but the purpose to which the hypothesis was subsequently put. In *Sims*, the district court improperly attributed a six-month increase in guideline range to each incremental rise in Criminal History Category. This was error because "although each level contains a range of six months, these ranges overlap from one level to the next." *Sims,* 309 F.3d at 743.[6] We also identified error because the Sentencing

_____

[5]"The district court was correct in assuming that at level III and beyond, each criminal history category encompasses three criminal history points." *Sims,* 309 F.3d at 743 n.2.

[6]In *Sims,* the defendant presented an adjusted offense level eight and Criminal History Category VI (with a criminal history score of twenty-two). The district court hypothesized a three-step increase from Criminal History Category VI to IX to account for the twenty-two criminal history points, and then improperly added eighteen months to the bottom and top limits of the range provided under Category VI, offense level eight. This resulted in a range of thirty-six to forty-two months. *Id*. Simply enhancing three offense levels under Category VI (basically the approach used here) would have resulted in a range of twenty-seven to thirty-three months.

Guidelines specifically direct:

> Where the court determines that the extent and nature of the defendant's criminal history, taken together, are sufficient to warrant an upward departure from Criminal History Category VI, the court should structure the departure *by moving incrementally down the sentencing table to the next higher offense level in Criminal History Category VI until it finds a guideline range appropriate to the case.*

USSG § 4A1.3 (emphasis added); *Sims,* 309 F.3d at 742.

Here, avoiding the methodology we disapproved in *Sims*, the district court accounted for the hypothesized eight-step increase in Criminal History Category by increasing eight offense levels, as directed by § 4A1.3. The result was a reasoned, measured and appropriate application of the Guidelines. *United States v. Akers,* 215 F.3d 1089, 1106 (10th Cir.), *cert denied,* 531 U.S. 1023 (2000); *United States v. Lowe,* 106 F.3d 1498, 1503 (10th Cir.), *cert. denied,* 521 U.S. 1110 (1997). A close examination of the Sentencing Table reveals that within Zone D (most serious offenses), for the most part, a one-step increase in Criminal History Category is equivalent to a one-step increase in offense level.[7] The exception is a band embracing offense levels eight through thirty in Criminal History Categories III, IV and V. But within Zone D, an increase in Criminal History Category from V to VI is uniformly a one-to-one ratio (one Criminal History Category increase equals one offense level increase).[8] Presumably, and

---

[7]See attached table.

[8]This is true except when a life sentence is involved.

logically, if the Table were extended with additional Criminal History Categories the ratio would be no less than one-to-one. Thus, consistent with the structure and purpose of the Guidelines, the district court could reasonably analogize to higher criminal history categories provided it translated that analogy into higher offense levels, which it did — finding a guideline range appropriate to the case by increasing eight offense levels.

The methodology adopted by the district court was reasonable and the judge succinctly, but adequately, explained the reasons for the degree of departure from the Guidelines. We identify no error, plain or otherwise.[9]

Accordingly, we **AFFIRM** the sentence of the district court.

---

[9]We admonish appellant's counsel for failing to include in her brief a copy of the order we have been asked to review. *See* 10th Cir. R. 28.2(A)(1).

# SENTENCING TABLE
(in months of imprisonment)

One Horizontal Step = One Vertical Step
One Horizontal Step = Two Vertical Steps
Anomaly

| Offense Level | I (0 or 1) | II (2 or 3) | III (4, 5, 6) | IV (7, 8, 9) | V (10, 11, 12) | VI (13 or more) |
|---|---|---|---|---|---|---|
| **Zone A** | | | | | | |
| 1 | 0 to 6 | 0 to 6 | 0 to 6 | 0 to 6 | 0 to 6 | 0 to 6 |
| 2 | 0 to 6 | 0 to 6 | 0 to 6 | 0 to 6 | 0 to 6 | 1 to 7 |
| 3 | 0 to 6 | 0 to 6 | 0 to 6 | 0 to 6 | 2 to 8 | 3 to 9 |
| 4 | 0 to 6 | 0 to 6 | 0 to 6 | 2 to 8 | 4 to 10 | 6 to 12 |
| 5 | 0 to 6 | 0 to 6 | 1 to 7 | 4 to 10 | 6 to 12 | 9 to 15 |
| 6 | 0 to 6 | 1 to 7 | 2 to 8 | 6 to 12 | 9 to 15 | 12 to 18 |
| 7 | 0 to 6 | 2 to 8 | 4 to 10 | 8 to 14 | 12 to 18 | 15 to 21 |
| 8 | 0 to 6 | 4 to 10 | 6 to 12 | 10 to 16 | 15 to 21 | 18 to 24 |
| **Zone B** | | | | | | |
| 9 | 4 to 10 | 6 to 12 | 8 to 14 | 12 to 18 | 18 to 24 | 21 to 27 |
| 10 | 6 to 12 | 8 to 14 | 10 to 16 | 15 to 21 | 21 to 27 | 24 to 30 |
| **Zone C** | | | | | | |
| 11 | 8 to 14 | 10 to 16 | 12 to 18 | 18 to 24 | 24 to 30 | 27 to 33 |
| 12 | 10 to 16 | 12 to 18 | 15 to 21 | 21 to 27 | 27 to 33 | 30 to 37 |
| 13 | 12 to 18 | 15 to 21 | 18 to 24 | 24 to 30 | 30 to 37 | 33 to 41 |
| 14 | 15 to 21 | 18 to 24 | 21 to 27 | 27 to 33 | 33 to 41 | 37 to 46 |
| 15 | 18 to 24 | 21 to 27 | 24 to 30 | 30 to 37 | 37 to 46 | 41 to 51 |
| 16 | 21 to 27 | 24 to 30 | 27 to 33 | 33 to 41 | 41 to 51 | 46 to 57 |
| 17 | 24 to 30 | 27 to 33 | 30 to 37 | 37 to 46 | 46 to 57 | 51 to 63 |
| 18 | 27 to 33 | 30 to 37 | 33 to 41 | 41 to 51 | 51 to 63 | 57 to 71 |
| 19 | 30 to 37 | 33 to 41 | 37 to 46 | 46 to 57 | 57 to 71 | 63 to 78 |
| 20 | 33 to 41 | 37 to 46 | 41 to 51 | 51 to 63 | 63 to 78 | 70 to 87 |
| 21 | 37 to 46 | 41 to 51 | 46 to 57 | 57 to 71 | 70 to 87 | 77 to 96 |
| 22 | 41 to 51 | 46 to 57 | 51 to 63 | 63 to 78 | 77 to 96 | 84 to 105 |
| 23 | 46 to 57 | 51 to 63 | 57 to 71 | 70 to 87 | 84 to 105 | 92 to 115 |
| 24 | 51 to 63 | 57 to 71 | 63 to 78 | 77 to 96 | 92 to 115 | 100 to 125 |
| 25 | 57 to 71 | 63 to 78 | 70 to 87 | 84 to 105 | 100 to 125 | 110 to 137 |
| 26 | 63 to 78 | 70 to 87 | 78 to 97 | 92 to 115 | 110 to 137 | 120 to 150 |
| 27 | 70 to 87 | 78 to 97 | 87 to 108 | 100 to 125 | 120 to 150 | 130 to 162 |
| **Zone D** | | | | | | |
| 28 | 78 to 97 | 87 to 108 | 97 to 121 | 110 to 137 | 130 to 162 | 140 to 175 |
| 29 | 87 to 108 | 97 to 121 | 108 to 135 | 121 to 151 | 140 to 175 | 151 to 188 |
| 30 | 97 to 121 | 108 to 135 | 121 to 151 | 135 to 168 | 151 to 188 | 168 to 210 |
| 31 | 108 to 135 | 121 to 151 | 135 to 168 | 151 to 188 | 168 to 210 | 188 to 235 |
| 32 | 121 to 151 | 135 to 168 | 151 to 188 | 168 to 210 | 188 to 235 | 210 to 262 |
| 33 | 135 to 168 | 151 to 188 | 168 to 210 | 188 to 235 | 210 to 262 | 235 to 293 |
| 34 | 151 to 188 | 168 to 210 | 188 to 235 | 210 to 262 | 235 to 293 | 262 to 327 |
| 35 | 168 to 210 | 188 to 235 | 210 to 262 | 235 to 293 | 262 to 327 | 292 to 365 |
| 36 | 188 to 235 | 210 to 262 | 235 to 293 | 262 to 327 | 292 to 365 | 324 to 405 |
| 37 | 210 to 262 | 235 to 293 | 262 to 327 | 292 to 365 | 324 to 405 | 360 to life |
| 38 | 235 to 293 | 262 to 327 | 292 to 365 | 324 to 405 | 360 to life | 360 to life |
| 39 | 262 to 327 | 292 to 365 | 324 to 405 | 360 to life | 360 to life | 360 to life |
| 40 | 292 to 365 | 324 to 405 | 360 to life | 360 to life | 360 to life | 360 to life |
| 41 | 324 to 405 | 360 to life | 360 to life | 360 to life | 360 to life | 360 to life |
| 42 | 360 to life | 360 to life | 360 to life | 360 to life | 360 to life | 360 to life |
| 43 | life | life | life | life | life | life |